# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-363-D |
| | ) | |
| RANDALL G. WORKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this civil rights action under 42 U.S.C. §1983, alleging violations of his constitutional rights. With his Complaint, Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis. United States District Judge Timothy D. DeGiusti has referred this action to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the full $350.00 filing fee before being allowed to proceed in this action.

Title 28 U.S.C. § 1915(g), the "three strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not preclude the filing of a civil action by a prisoner with "three strikes," but it eliminates the privilege of proceeding in forma pauperis unless the prisoner demonstrates the "imminent danger of serious physical injury" exception. If the "imminent danger" exception is not demonstrated, the prisoner with "three strikes" may still proceed in a civil action or appeal by paying the full amount of the filing fee.

Taking judicial notice of the Court's records, Plaintiff has previously been denied the privilege of proceeding in forma pauperis in civil actions filed in this Court based upon the finding that Plaintiff had, at that time, previously filed three civil actions that were dismissed for failure to state a claim for relief and/or as frivolous. See Berryhill v. Halvorson, Case No. CIV-08-197-D (Order entered April 24, 2008, DeGiusti, D.J.); Berryhill v. Poppell, Case No. CIV-99-407-T (Order entered May 25, 1999, Thompson, D.J.); Berryhill v. Miles-LaGrange, Case No. CIV-10-802-HE (Order entered September 30, 2010); Berryhill v. Jones, Case No. 11-307-D (Order entered April 21, 2011). In these cases, Plaintiff's applications for leave to proceed in forma pauperis were denied and the actions were dismissed without prejudice to refiling upon full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).[1] On May 25, 1999, Judge Thompson entered an order in Berryhill v. Poppell, Case No. CIV-99-407-T wherein he directed the Clerk of the Court "not to accept for filing from the plaintiff any civil actions accompanied by an application to proceed in forma pauperis unless the complaint alleges the plaintiff is under imminent danger of serious physical injury." Plaintiff did not

---

[1]In Case No. 11-307-D, Plaintiff has until on or about May 12, 2011, in which to pay the full filing fee or the case will be dismissed.

appeal the decisions in the first two cases listed above, and the appeal in Case No. CIV-10-802-HE was dismissed for lack of prosecution. Case No. 10-6271 (10th Cir. Jan. 3, 2011).[2]

It is clear from the Court's records that Plaintiff is subject to the rule in 28 U.S.C. §1915(g) barring him from proceeding in forma pauperis in this action unless the exception set forth in the statute applies. In his Complaint, which Plaintiff characterizes as a "class action," Plaintiff alleges that Defendants, are "starving all inmates on H Block, over 200 inmates by not feeding us the required portion of food that cause us constant hunger and pain...." Complaint, 2. However, Plaintiff has made no credible allegation that he is presently in danger of serious physical injury. Because Plaintiff has not demonstrated that he is in

---

[2]Taking judicial notice of the records of the United States District Court for the Eastern District of Oklahoma, Plaintiff has recently filed four civil actions in that court which have been dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915A(b)(1). Berryhill v. Evans, Case No. CIV-10-126-RAW-SPS (Opinion and Order and Judgment entered June 14, 2010, White, D.J.), appeal dismissed for lack of prosecution, No. 10-7051 (10th Cir. Sept. 15, 2010), petition for cert. dismissed, No. 10-6548 (U.S. Nov. 29, 2010); Berryhill v. Seay, Case No. CIV-10-151-JHP (Opinion and Order and Judgment entered May 10, 2010, Payne, D.J.), appeal dismissed for lack of prosecution, No. 10-7038 (10th Cir. July 22, 2010); Berryhill v. White, Case No. CIV-10-176-JHP (Opinion and Order and Judgment entered June 7, 2010, Payne, D.J.), appeal dismissed for lack of prosecution, No. 10-7050 (Sept. 15, 2010), petition for cert. dismissed, No. 10-6545 (U. S. Nov,. 1, 2010); Berryhill v. Payne, Case No. CIV-10-188-JHP (Opinion and Order and Judgment entered June 14, 2010, Payne, D.J.), appeal dismissed for lack of prosecution, No. 10-7052 (10th Cir. Sept. 15, 2010), petition for cert. dismissed, No. 10-6551 (U.S. Nov. 1, 2010). In each of these actions, Plaintiff has filed a notice of appeal of the decision, and the appeal process has been completed; they may therefore be counted as "prior occasion[s]" for purposes of the 28 U.S.C. § 1915(g). Jennings v. Natrona County Det. Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999). Plaintiff has recently filed another civil rights action in this Court: Berryhill v. Greenway, Case No. CIV-10-714-D. United States Magistrate Judge Gary Purcell recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis be denied, and that Report and Recommendation was adopted by Judge DeGiusti. Plaintiff attempted to appeal that order, but the Tenth Circuit Court of Appeals recently dismissed the appeal for lack of prosecution. Berryhill v. Greenway, No. 10-6225 (10th Cir. Oct. 27, 2010). Plaintiff did not timely pay the filing fee, and Judge DeGiusti dismissed the case on November 1, 2010.

3

imminent danger of serious physical injury, the exception to the application of the "three strikes" provision in 28 U.S.C. § 1915(g) does not apply. Hence, it is recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis be denied and the action be dismissed unless the filing fee is paid.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's motion for leave to proceed in forma pauperis [Doc. No. 2] be **DENIED,** and that the action be DISMISSED without prejudice unless Plaintiff pays the $350.00 filing fee within twenty (20) days from the date of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 11, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 27th day of April, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE