# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-363-D |
| | ) | |
| | ) | |
| RANDALL WORKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

In this 42 U. S. C. § 1983 action, Plaintiff alleges the defendants have deprived him of his constitutional rights during his incarceration at the Oklahoma State Reformatory. Appearing *pro se*, Plaintiff seeks to proceed *in forma pauperis.* Pursuant to 28 U. S. C. § 636 § B(1)(B) and (C), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial consideration.

On April 27, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 6] in which he recommended that the motion to proceed *in forma pauperis* be denied pursuant to 28 U. S. C. § 1915(g). Plaintiff filed an objection to the Report and Recommendation; however, his objection [Doc. No. 7] does not address his request to proceed *in forma pauperis,* but attaches an "affidavit of demonstration of imminent danger." Construing this submission liberally in Plaintiff's favor, the Court will consider it an objection to the Report and Recommendation. Accordingly, the matter is reviewed *de novo.*

As the Magistrate Judge explained in the Report and Recommendation, Plaintiff's request

to proceed *in forma pauperis* is governed by 28 U. S. C. § 1915(g), which provides, in pertinent part, that such requests must be denied where the inmate has, on three or more prior occasions during his incarceration, brought a federal court action or appeal which was dismissed on certain grounds. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U. S. C. § 1915(g). This statutory section precludes an inmate whose litigation history includes three such prior occasions, or "strikes," from proceeding *in forma pauperis* in a subsequent action. Instead, the inmate must pay the full $350.00 filing fee to pursue the action. *Jennings v. Natrona County Detention Center Medical Facility*, 175 F. 3d 775, 778 (10th Cir. 1999).

As the Magistrate Judge correctly concluded, § 1915(g) applies because Plaintiff has filed at least three prior actions which were dismissed as frivolous or malicious or because the complaints failed to state a claim upon which relief may be granted. *See* summary of Plaintiff's litigation history in *Berryhill v. Greenway*, No. CIV-10-714-D, United States District Court for the Western District of Oklahoma, Order of August 4, 2010 [Doc. No. 12] (noting that, by 1999, Plaintiff had filed eleven § 1983 actions, three of which had been dismissed for failure to state a claim for relief and/or as frivolous, and that Plaintiff had thereafter continued to seek *in forma pauperis* status). Since the date of that Order, Plaintiff has filed additional lawsuits. His recent filings are listed at footnote 2 of the Report and Recommendation.

To avoid the restriction of the "three strikes" provision, an inmate must show that he is

2

"under imminent danger of serious physical injury." 28 U. S. C. § 1915(g). As the Magistrate Judge pointed out in the Report and Recommendation, Plaintiff has attempted to do so in this case; he characterizes this action as a "class action," and alleges Defendants are "starving all inmates on H Block," and causing over 200 inmates constant hunger and pain." Complaint, p. 2. However, the Magistrate Judge concluded Plaintiff has offered no credible factual allegations to demonstrate that he is presently in danger of serious physical injury.

To satisfy the "imminent danger" exception in § 1915(g), an inmate must allege facts to support "specific, credible allegations of imminent danger." *Hafed v. Federal Bureau of Prisons*, 635 F. 3d. 1172, 1176 (10th Cir. 2011). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id.* (citations omitted). To satisfy this requirement, an inmate may not rely on vague and conclusory allegations, but must specify the facts on which the threat of imminent danger is based. *Hafed*, 635 F. 3d at 1180 (citing *White v. Colorado*, 15 f. 3d 1226, 1231 (10th Cir. 1998)).

In this case, the Magistrate Judge correctly determined that the Complaint contains no allegations sufficient to satisfy these requirements. Plaintiff has attempted to cure that deficiency by submitting an affidavit as the objection to the Report and Recommendation. Even if the Court were to consider the affidavit as a proper means of amending the Complaint, the allegations contained therein are conclusory and vague.

The Magistrate Judge correctly concluded that Plaintiff does not qualify for *in forma pauperis* status, and his motion [Doc. No. 2] must be denied. The Report and Recommendation

[Doc. No. 6] is adopted as though fully set forth herein. Plaintiff is directed to pay the $350.00 filing fee no later than 20 days from the date of this Order. Plaintiff is cautioned that, if he fails to do so, this action will be dismissed without prejudice.

IT IS SO ORDERED this 20th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE